IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO
V.M. and P.M.

No. 1 CA-JV 25-0053

FILED 11-21-2025

Appeal from the Superior Court in Maricopa County
No. JS520550
The Honorable Thomas Marquoit, Judge, *Pro Tempore*

**REVERSED**

COUNSEL

Tiffany & Bosco PA, Phoenix
By Kelly Mendoza
*Counsel for Appellant*

_____

**OPINION**

Judge Brian Y. Furuya delivered the opinion of the Court, in which Presiding Judge Angela K. Paton and Judge Daniel J. Kiley joined.

_____

**F U R U Y A**, Judge:

**¶1**        This case calls upon us to clarify the analysis for terminating parental rights. Olivia K. ("Mother") appeals the juvenile court's denial of her petition to terminate the parental rights of Keith M. ("Father") for their two children in common.

**¶2**        The juvenile court erred by failing to make a definitive finding that grounds for termination existed before analyzing whether termination was in the best interests of the children, but we conclude that this record nevertheless establishes Father's abandonment. We also conclude that under circumstances such as these, a respondent parent's consent to the other parent's petition for termination is evidence that termination is in the child's best interests.

**¶3**        Because the record establishes that Father presumptively abandoned the children and because the court erred in finding that termination was not in the best interests of the children, we reverse the court's denial and order Father's parental rights terminated.

## FACTS AND PROCEDURAL HISTORY

**¶4**        Mother and Father have two children in common, born in 2015 and 2016. The children have lived exclusively with Mother since the parties separated in 2020. When the parties divorced in 2021, they agreed Mother would be the primary residential parent with sole legal decision-making authority and Father would pay no child support. Father had limited contact with the children after August 2020, and no contact or attempts to contact since April 2022.

**¶5**        Mother filed the petition to terminate Father's parental rights in January 2025. After Mother filed the petition, the court appointed counsel for the children and set a date for the Initial Severance Hearing. Soon after, Father was served with the petition, the notice of appointment of counsel for the children, the notice of hearing on Mother's petition, and the court's order setting the initial hearing on Mother's petition. Two days later, Father signed a notarized consent to terminate his parental rights, stating he

agreed to "relinquish and give up all [his] rights to the care, custody and control" of his children, and "will no longer have any legal rights, privileges, duties and obligations, including the right to custody[.]" Father further acknowledged "[he] will no longer be the children's parent" and he waived any "notices and appearances to any and all future hearings or proceedings" regarding the termination action. Mother filed Father's consent with the court over a month before the hearing. Father failed to appear at the initial termination hearing, despite receiving notice, which was consistent with his waiver and consent to termination.

¶6        Mother testified at the hearing. She established paternity using the children's birth certificates. She testified that she had sufficient means with which to support the children without contribution from Father and was not seeking any child support. She also testified about Father's abandonment, the children's wellbeing, and Father's consent to termination.

¶7        The children's counsel avowed to the court that the children understood the situation, have not had contact with Father, are doing well, and "would really like to change their last name to reflect that of Mother's." Counsel noted the children supported termination of Father's parental rights. Father did not have counsel at the hearing but previously acknowledged he was unrepresented and understood he "ha[d] the opportunity to review [his] rights with counsel" before signing the consent to terminate his parental rights.

¶8        After considering the petition, testimony presented at the hearing, and the record, the court denied Mother's petition, finding she had not satisfied the best-interests requirement of Arizona Revised Statutes ("A.R.S.") Section 8-533(B). Mother appealed, and we have jurisdiction under A.R.S. Sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

### I.        Standard of Review

¶9        We will "affirm a termination order unless the juvenile court abuses its discretion or the court's findings are not supported by reasonable evidence." *Timothy B. v. Dep't of Child Safety*, 252 Ariz. 470, 474 ¶ 14 (2022). In conducting that review, the juvenile court's factual findings "will be accepted 'if reasonable evidence and inferences support them.'" *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 30 (2023) (quoting *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 580 ¶ 10 (2021)). The court abuses its discretion when it commits an error of law or when the record is "devoid

of competent evidence to support" its decision. *Woyton v. Ward*, 247 Ariz. 529, 531 ¶ 5 (App. 2019) (quoting *Little v. Little*, 193 Ariz. 518, 520 ¶ 5 (1999)).

## II. Definitive Findings

**¶10** To terminate parental rights, the court must follow a two-step, sequential process. *See In re B.W.*, ___ Ariz. ___, ___, 572 P.3d 88, 94 ¶ 13 (2025) (explaining the "two-step analysis in determining whether to terminate a parent-child relationship" consists of "[f]irst," deciding whether sufficient evidence supports at least one ground for termination and then "[s]econd," determining whether termination is in the child's best interests); *In re E.C.*, ___, Ariz. ___, ___, 1 CA-JV 24-0203, 2025 WL 2810785, at *3 ¶¶ 18–19 (Ariz. App. Oct. 3, 2025) ("[T]he test is a sequential one, requiring the superior court find a statutory ground before it addresses best interests, even when declining to terminate parental rights."). In this two-step process, the juvenile court must first find at least one ground for termination under A.R.S. Section 8-533(B) by clear and convincing evidence, and must then find that termination would be in the child's best interests by a preponderance of the evidence. *Brionna J.*, 255 Ariz. at 477 ¶ 20.

**¶11** To satisfy the first step, the court must make an express, written finding as to whether grounds for termination have been established by clear and convincing evidence. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 539 ¶ 20 (App. 2018) (holding juvenile court must make written findings as to ultimate facts supporting its legal conclusion regarding termination). The words "presumably" and "arguably" are equivocal and do not meet that burden of proof; either the court finds grounds for termination exist by clear and convincing evidence or it does not. We clarify that failure to make a definitive finding constitutes error.

**¶12** Here, the court ruled that "[Mother] has *arguably* proven that father has abandoned the child . . . ." (Emphasis added). Use of the word "arguably" does not constitute a finding that Mother established the ground of abandonment by clear and convincing evidence. Thus, the court erred by failing to make a definitive finding as to a statutory ground for termination before moving to its best-interests analysis. *See In re E.C.*, ___ Ariz. ___, ___, 1 CA-JV 24-0203, at *3 ¶¶ 18–19 ("Only after *fully* understanding the [statutory] ground [for termination] can the superior court accurately assess and consider the negative effect on a child of the continued presence of a statutory ground in a totality of the circumstances.") (emphasis added) (citation modified).

## III. Termination Grounds Established

**¶13** Despite the court's ambiguous finding, it went on to conduct a best-interests analysis and concluded terminating Father's parental rights was not in the children's best interests. And yet, this record shows Father's abandonment by clear and convincing evidence. Arizona law provides that abandonment of one's child constitutes sufficient grounds on which to grant a petition for termination of parental rights. A.R.S. § 8-533(B)(1). Abandonment is defined as:

> the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1); *see also In re B.W.*, 572 P.3d at 94–95 ¶¶ 17–18 (clarifying that the phrase "prima facie evidence," as used in A.R.S. § 8-531(1), equates to a presumption of abandonment). This presumption may be rebutted by a showing of just cause or presenting otherwise contradicting evidence of a normal parental relationship. *In re B.W.*, 572 P.3d at 95 ¶ 19.

**¶14** At the termination hearing, Mother testified that Father has not contacted or attempted to contact the children for over two years. That absence triggers a presumption of Father's abandonment. And the court received no contradictory evidence to rebut the presumption. Thus, with the presumption standing, Mother has conclusively established grounds to terminate Father's parental rights by clear and convincing evidence.

## IV. Best-Interests Finding

**¶15** Along with a statutory ground proven by clear and convincing evidence, to terminate a party's parental rights, the court must also find that the party seeking termination has shown by a preponderance of the evidence that termination would be in the child's best interests. A.R.S. § 8-533(B); *In re C.R.*, 256 Ariz. 170, 175 ¶¶ 23–24 (App. 2023). This analysis centers on the child, and "[t]o this end, we have held that termination is in the child's best interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018).

¶16        Here, the court found that Mother did not show, by a preponderance of the evidence, that termination would be in the children's best interests. We disagree. Mother introduced competent, non-speculative, and uncontroverted evidence that termination is in the best interests of the children. Further, the record is devoid of any competent evidence to support the court's finding to the contrary. *Woyton*, 247 Ariz. at 531 ¶ 5.

¶17        The court found "there was no evidence to indicate why the children would suffer a detriment if the petition at bar were denied[,]" but that finding overlooks Mother's testimony. Specifically, Mother testified that the children have been adversely impacted by Father's abandonment, they are participating in therapy to cope with and process their feelings over Father's rejection, and if the parent-child relationship were terminated with Father, the children would be relieved of ongoing uncertainty that Father may step back into their lives. Mother also testified that the children are not equipped to handle any sudden reappearance by Father in their lives, and the children feared that if Mother became ill or died, the children would be placed with Father. The court characterized this fear as speculative, citing the absence of evidence that Mother was ill or soon to die. But the testimony shows that the uncertainty created by Father's continued parental rights is presently traumatizing the children. Though Father's reappearance in the children's lives was not imminent or certain, the children's fear of that possibility was not speculative or distant. Indeed, Mother's testimony was that the children remain in therapy to address that very trauma, at least in part. The record contains no evidence to the contrary.

¶18        Moreover, in his consent, Father agreed to give up all parental rights to the children and indicated his unwillingness to be a parent or to provide support for them. Mother initiated termination because of Father's abandonment. Father's intent to perpetuate that abandonment is manifest through his consent to termination. Compelling continuation of the undesired parent-child relationship under such circumstances must necessarily have an adverse and detrimental impact on the children. Thus, we hold that where grounds for termination have been established and a respondent parent has voluntarily signed a consent to terminate his parental rights, such a consent is itself evidence that termination is in the children's best interests.

¶19        Given both Father's consent and Mother's testimony, neither of which were rebutted or otherwise contradicted, a preponderance of the evidence establishes that termination of Father's parental rights is in the children's best interests. Moreover, no reasonable evidence supports the

court's conclusion that it is in the children's best interests to preserve Father's parental rights. *Woyton*, 247 Ariz. at 531 ¶ 5.

**¶20** In view of our holdings, Mother has established both: (1) grounds for termination; and (2) that failing to terminate Father's parental rights would be detrimental to the children's best interests. Thus, there are no contested facts at issue, no further evidence to be heard, and nothing further to consider. *In re C.E.*, ___ Ariz. ___, ____, 573 P.3d 101, 106 ¶ 25 (App. 2025). Accordingly, we reverse and order Father's parental rights terminated. *See* A.R.S. § 12-2103(A) (An appellate court "may . . . reverse or modify a judgment or order appealed from, and may render such judgment or order as the court below should have rendered . . . ."); *see also Acuna v. Kroack*, 212 Ariz. 104, 115 ¶ 42 n.15 (App. 2006) (noting that even though A.R.S. § 12-2103(A) pertains to the supreme court, the statute "presumably applies as well to the court of appeals inasmuch as the statute was enacted long before the creation of this court.").

## CONCLUSION

**¶21** We reverse and terminate Father's parental rights to the children.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

7